**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:22-CV-62327-RAR**

| | |
|---|---|
| GEORGE MESSIHA and JUAN A. VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CITRIX SYSTEMS, INC., ROBERT M. CALDERONI, NANCI E. CALDWELL, MURRAY J. DEMO, THOMAS E. HOGAN, MOIRA A. KILCOYNE, ROBERT E. KNOWLING, JR., PETER J. SACRIPANTI, and J. DONALD SHERMAN,<br><br>       Defendants. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of July 15, 2024 (the "Stipulation"), which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between (a) Lead Plaintiffs Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel ("Plaintiffs"), individually and on behalf of the Class (defined below); and (b) Defendants Citrix Systems, Inc. ("Citrix"), Robert M. Calderoni, Nanci E. Caldwell, Murray J. Demo, Thomas E. Hogan, Moira A. Kilcoyne, Robert E. Knowling, Jr., Peter J. Sacripanti, and J. Donald Sherman (the "Individual Defendants" and collectively, with Citrix, "Defendants," and collectively with Plaintiffs, the "Parties").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein or that could have been asserted therein.

Whereas:

A.      On December 12, 2022, Juan A. Vargas commenced this Action in the U.S. District Court for the Southern District of Florida, styled *Juan A. Vargas v. Citrix Systems, Inc.*, Case No. 0:22-cv-62327-RAR. ECF No. 1.

B.      On March 8, 2023, the Court appointed George Messiha and Juan A. Vargas as Co-Lead Plaintiffs; Pomerantz LLP and Wohl & Fruchter LLP as Co-Lead Counsel; and Miller Shah LLP as Liaison Counsel. ECF No. 27.

C.      On May 8, 2023, Plaintiffs filed a Class Action Amended Complaint ("Amended Complaint"), ECF No. 34, alleging that Defendants violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, by making materially false and misleading statements in their Proxy which misled investors to consummate a merger under which Citrix became a wholly owned indirect subsidiary of TIBCO Software Inc. (the "Merger") at an unfair price per share that did not adequately value Citrix, and caused economic harm to shareholders who were misled into approving the sale of their shares to Elliott Investment Management L.P. and Citrix at an unfair and inadequate price.

D.      On July 12, 2023, Defendants moved to dismiss the Amended Complaint (ECF Nos. 42-43, 45-47), which motion the Court granted in part and denied in part on February 3, 2024. ECF No. 50.

E.      On February 21, 2024, Defendants filed their answer to the Amended Complaint, denying that Plaintiffs have asserted any valid claims as to any of the Defendants and asserting various affirmative defenses. ECF No. 57.

F.      On June 6, 2024, the Parties participated in a private mediation with David M. Murphy of Phillips ADR Enterprises, P.C. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things,

STIPULATION AND AGREEMENT OF SETTLEMENT

issues related to liability, loss causation, and damages. The mediation was conducted in person. At the mediation, the Parties negotiated in good faith, but were unable to reach a resolution on that date.  The Parties subsequently filed a Joint Mediation Report, ECF No. 75, updating the Court and noting that discussions were continuing.  Subsequently, the Parties continued to have good faith discussions through the mediator, and were able to reach an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for a payment of $17,500,000.00 for the benefit of the Class, subject to the execution of a settlement stipulation and related papers and Court approval.

G.     The Parties' agreement in principle was memorialized in a memorandum of understanding (the "Memorandum of Understanding") dated as of June 25, 2024. The Memorandum of Understanding sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of seventeen million five hundred thousand dollars and zero cents ($17,500,000.00) for the benefit of the Class.

H.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

I.     Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiffs and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden

and expense of further litigation. Each of the Defendants denies any wrongdoing, and the Memorandum of Understanding and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any Defendant's defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a)    "Action" means the putative securities class action currently pending in the United States District Court for the Southern District of Florida styled as *Vargas v. Citrix Systems, Inc.*, 0:22-cv-62327-RAR.

b)    The "Agreement and Plan of Merger" means that certain Agreement and Plan of Merger by and among Citrix Systems, Inc., Picard Parent, Inc., Picard Merger Sub, Inc., and TIBCO Software Inc. dated January 31, 2022.

c)    "Amended Complaint" means Class Action Amended Complaint filed by Plaintiffs on May 8, 2024.  ECF No. 34.

d)    "Authorized Claimant" means a Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

e)    "Citrix" means Citrix Systems, Inc.

f)    "Citrix Securities" means Citrix Systems, Inc.'s common stock trading on the NASDAQ under the ticker symbol "CTCX."

g)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

h)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

i)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

j)    "Claims Administrator" means the firm JND Legal Administration, which shall provide all notices approved by the Court to potential Class Members and administer the Settlement.

k)    "Class" means the Settlement Class, as defined herein.

l)    "Class Counsel" or "Lead Counsel" means Pomerantz LLP and Wohl & Fruchter LLP.

m)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

n)    "Class Member" means each person and entity who or which is a member of the Class.

STIPULATION AND AGREEMENT OF SETTLEMENT

o)    "Class Period" means the Settlement Class Period, as defined herein.

p)    "Court" means the United States District Court for the Southern District of Florida.

q)    "Defendants" means Citrix and the Individual Defendants.

r)    "Defendants' Counsel" means Goodwin Procter LLP and Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

s)    "Defendants' Releasees" means each named Defendant and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

t)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 29 of this Stipulation have been met and have occurred or have been waived.

u)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

v)    "Escrow Agent" means The Huntington National Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

w)    "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

STIPULATION AND AGREEMENT OF SETTLEMENT

x)   "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

y)   "Immediate Family" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

z)   "Individual Defendants" means Robert M. Calderoni, Nanci E. Caldwell, Murray J. Demo, Thomas E. Hogan, Moira A. Kilcoyne, Robert E. Knowling, Jr., Peter J. Sacripanti, and J. Donald Sherman.

aa)   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

bb)   "Liaison Counsel" means Miller Shah LLP.

cc)   "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Class), for which Class Counsel intends to apply or could have applied to the Court for reimbursement from the Settlement Fund.

STIPULATION AND AGREEMENT OF SETTLEMENT

dd)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

ee)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

dd) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

ee) "Officer" means any officer as that term is defined in Securities Exchange Act Rule 16a-1(f).

ff) "Parties" means the Defendants and Plaintiffs, on behalf of themselves and the Class.

gg) "Plaintiffs" means Juan A. Vargas, George Messiha, and Brandon Nuckel.

hh) "Plaintiffs' Releasees" means Plaintiffs, each and every Settlement Class member, Lead Counsel, Liaison Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family, representatives, and heirs of any Plaintiffs' Releasee who is an individual, as well as any trust of which any Plaintiffs' Releasee is the settlor or which is for the benefit of any of their Immediate Family. Plaintiffs' Releasees does not include any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

ii) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

STIPULATION AND AGREEMENT OF SETTLEMENT

jj) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

kk) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

ll) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

mm) "Released Defendants' Claims" means all claims or causes of action of every nature and description, whether known or unknown, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, including without limitation any claims under Fed. R. Civ. P. 11, except for claims relating to the enforcement of the Settlement.

nn) "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class, direct, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs, any other member of the Settlement Class, or any other Plaintiffs' Releasee asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration

proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in, the Action or the complaints in the Action, and that in any way arise out of, are based upon, relate to, or concern the acquisition of Citrix pursuant to the Agreement and Plan of Merger and/or the shareholder vote on that acquisition. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement and (ii) any claims of any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

oo) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

pp) "Releases" means the releases set forth in ¶¶ 4–5 of this Stipulation.

qq) "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

rr) "Settlement Amount" means seventeen million five hundred thousand dollars and zero cents ($17,500,000.00) in cash or immediately available funds.

ss) "Settlement Class" means, as to be certified for settlement purposes only, subject to Court approval: all persons and entities other than defendants who held (of record or beneficially) common stock of Citrix Systems, Inc. at any time from March 8, 2022, up to and through September 30, 2022, both dates inclusive.  Excluded from the Class are Defendants; members of their Immediate Families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an Officer (as defined herein) or Director of Citrix during the Settlement Class Period; and the successors, heirs, and assigns of any excluded person.

tt) "Settlement Class Period" means March 8, 2022, the record date of the stockholder vote on the Merger, up to and through September 30, 2022, the closing date of the Merger, both dates inclusive.

STIPULATION AND AGREEMENT OF SETTLEMENT

uu) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

vv) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

ww) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

xx) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

yy) "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, any other Class Member, or any other Plaintiffs' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and each of the Defendants' Releasees and each of the Plaintiffs' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common

STIPULATION AND AGREEMENT OF SETTLEMENT

law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, each of the Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Class Members and each of the Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall not oppose, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.     Pursuant to the Judgment, and without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs, each member of the Settlement Class, Lead Counsel, Liaison

STIPULATION AND AGREEMENT OF SETTLEMENT

Counsel, and Plaintiffs' Releasees, shall release as against Defendants and Defendants' Releasees the Released Plaintiffs' Claims, and shall be:

(a)     permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, and

(b)     deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiffs' Claims against any of the Defendants' Releasees.

5.     Pursuant to the Judgment, and without further action by anyone, upon the Effective Date of the Settlement, Defendants shall release as against Plaintiffs, all Settlement Class Members, Lead Counsel and Liaison Counsel, and Plaintiffs' Releasees, the Released Defendants' Claims. This release shall not apply to any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

6.     Notwithstanding ¶¶ 4–5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

7.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the Defendants' Releasees, after the Defendants' Counsel's receipt from Class Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including instructions for payment by check and wire that include the bank name and ABA routing number, account name and number, the name and phone number of a person authorized to verbally confirm the wire instructions, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, the Defendants shall cause the payment of the Settlement Amount to be made into the Escrow Account specified by Plaintiffs within thirty (30) business days of the later of:  (1) the Court granting preliminary approval of the Settlement; and (2) receipt by Defendants' Counsel of complete payment

STIPULATION AND AGREEMENT OF SETTLEMENT

instructions (including without limitation a Form W-9, wire instructions, and the name and phone number of a person authorized to verbally confirm the wire instructions) from Lead Counsel.

**USE OF SETTLEMENT FUND**

8.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 16–27 below.

9.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

9.      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for

STIPULATION AND AGREEMENT OF SETTLEMENT

causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants or the Defendants' Releasees shall not have any liability, obligation, or responsibility whatsoever for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. No Defendant and no Defendants' Releasee shall have any responsibility or liability whatsoever for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

11.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

12.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from

STIPULATION AND AGREEMENT OF SETTLEMENT

Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In no event shall Defendants be obligated to make any payments beyond the Settlement Amount, regardless of whether such costs exceed $500,000.00. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

13.     Class Counsel will apply to the Court for a collective award of attorneys' fees to Class Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund. Class Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to their representation of the Class, to be paid from the Settlement Fund. Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

14.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel from the Settlement Fund no later than ten (10) calendar days after the Court enters the Judgment, notwithstanding any timely filed objections to the settlement or the fee request, or any appeal therefrom or any collateral attack on the settlement or fee award, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus

STIPULATION AND AGREEMENT OF SETTLEMENT

accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than ten (10) calendar days after receipt from the Court of notice of any order that reverses or reduces any award of attorney's fees or expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

15.     Class Counsel shall allocate the attorneys' fees in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants or the Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account. Under no circumstances shall any Defendant or Defendants' Releasee be responsible (i) to pay any portion of Class Counsel's attorneys' fees and/or any Litigation Expenses or (ii) for the allocation of any award of attorneys' fees or Litigation Expenses between Lead Counsel, or among Lead Counsel and any other person.

## NOTICE AND SETTLEMENT ADMINISTRATION

16.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. Other than Citrix's obligation to provide its securities holders records as provided in ¶ 17 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the

STIPULATION AND AGREEMENT OF SETTLEMENT

administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, nor shall any Defendant or other Defendants' Releasee have any liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members, any Plaintiffs' Releasees, or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

17.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort. Class Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within five (5) business days after entry of the Preliminary Approval Order, Citrix shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet (at no cost to the Settlement Fund, Class Counsel or the Claims Administrator), its reasonably available lists (consisting of names and addresses) from its transfer agent of the holders of Citrix Securities during the Class Period.

18.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

19.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. The Defendants and Defendants' Releasees shall not object in any way to the Plan of Allocation

STIPULATION AND AGREEMENT OF SETTLEMENT

or any other plan of allocation in this Action. No Defendant, nor any of the Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

20.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants or the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

21.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the Defendants' Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

22.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim

Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

     c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph e) below as necessary;

     d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph e) below; and

     e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice required in subparagraph d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a

STIPULATION AND AGREEMENT OF SETTLEMENT

Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

23.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

24.     Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

25.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants or the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

26.     No person or entity shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or Defendants, the other Defendants' Releasees, and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs'

damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

27.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

28.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

29.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a)      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

b)      the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 33 below);

d)      Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

STIPULATION AND AGREEMENT OF SETTLEMENT

e)      the Court has approved the Settlement as described herein, following the period set forth for notice under the Class Action Fairness Act ("CAFA"), and following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final.

30.     Upon the occurrence of all of the events referenced in ¶ 29 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

31.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a)      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b)      Plaintiffs and Defendants shall revert to their respective positions in the Action as of June 25, 2024 prior to the execution of the Memorandum of Understanding.

c)      The terms and provisions of this Stipulation, with the exception of this ¶ 31 and ¶¶ 12, 14, 34, and 55, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*

d)      Within ten (10) calendar days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent or the Defendants' Counsel's unilateral notification of termination to the Escrow Agent as permitted under ¶ 33 of the Stipulation, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 14 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be returned to the appropriate sources of the funds pursuant to the instructions of Defendants, through counsel. In the event that

STIPULATION AND AGREEMENT OF SETTLEMENT

the funds received by Class Counsel consistent with ¶ 14 above have not been refunded to the Settlement Fund within the ten (10) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the person(s) that made the respective deposits or as otherwise directed by such persons immediately upon their deposit into the Escrow Account consistent with ¶ 14 above.

32.     It is further stipulated and agreed that Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within ten (10) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Court modifies the Settlement in any respect (including without limitation the definition of the Settlement Class or the scope of the Released Plaintiffs' Claims); or (e) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

33.     In addition to the grounds set forth in ¶ 32 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute

STIPULATION AND AGREEMENT OF SETTLEMENT

arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

34.     All Parties acknowledge that: (i) Defendants deny that the claims advanced in the Action are meritorious, deny that they have any liability whatsoever to Plaintiffs or to any member of the Settlement Class, and, by entering into this Settlement, do not concede the merit of any claims or the lack of merit of any defense to liability; and (ii) Defendants have agreed to enter into this Settlement solely to avoid the expense, distraction, time, and uncertainty associated with litigation.   None of the Memorandum of Understanding, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and this Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a)     shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the

STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; except that:

        d)     Defendants and/or the Defendants' Releasees may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

## NOTICE AS REQUIRED BY CAFA

35.     Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. Defendants shall provide a copy of such notices as well as proof of service of such notices to Class Counsel.

## MISCELLANEOUS PROVISIONS

36.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or

STIPULATION AND AGREEMENT OF SETTLEMENT

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

37.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 31 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 31.

38.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Class Members against the Defendants or the Defendants' Releasees with respect to the Released Plaintiffs' Claims, including Unknown Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

39.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative

STIPULATION AND AGREEMENT OF SETTLEMENT

(whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. Moreover, Plaintiffs and Class Counsel shall not, at any time on or after the Effective Date, make any statement, irrespective of whether written or oral, to any party, that (i) is, or may reasonably be construed to be, critical or derogatory of, or likely to be harmful to, Defendants or any of Defendants' Releasees, or (ii) is reasonably likely to be injurious to the goodwill, reputation or business standing of any of Defendants or any of Defendants' Releasees. In furtherance, and not in limitation, of the foregoing, neither Plaintiffs nor Class Counsel shall make any statement that could in any way be construed as alleging that Defendants or any of Defendants' Releasees participated in any illegal, unethical or disreputable conduct whether in their business or personal affairs or otherwise.

40.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

41.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

42.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

STIPULATION AND AGREEMENT OF SETTLEMENT

43.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

44.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and the Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

45.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

46.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

47.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

48.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

49.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

50.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

STIPULATION AND AGREEMENT OF SETTLEMENT

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

51.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

52.     The Parties acknowledge that Defendants have produced documents to Plaintiffs in discovery, and that Defendants have produced, prior to execution of this Stipulation, certain documents upon which the Parties agreed to prior to the execution of the MOU. Any documents that Defendants produce shall be produced on a confidential basis for the sole purpose of demonstrating the reasonableness and adequacy of the Settlement.

53.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

> If to Plaintiffs or Class Counsel:
>
> > POMERANTZ LLP
> > Attn: Jeremy A. Lieberman, Esq.
> > 600 Third Avenue, 20th Floor
> > New York, New York 10016-1917
> > Telephone: (212) 661-1100
> > Facsimile: (917) 463-1044
> > Email:  jalieberman@pomlaw.com
> >
> > WOHL & FRUCHTER LLP
> > Attn: Joshua E. Fruchter
> > 25 Robert Pitt Drive, Suite 209G
> > Monsey, NY 10952
> > Telephone: (845) 290-6818
> > Facsimile: (718) 504-3773
> > Email:  jfruchter@wohlfruchter.com

STIPULATION AND AGREEMENT OF SETTLEMENT

If to Defendants:

TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
Attn: Amy L. Drushal
101 Kennedy Blvd., Ste 2700
Tampa, FL 33602
Tel: (813) 223-7474
Fax: (813) 229-6553
Email:  adrushal@trenam.com

GOODWIN PROCTER LLP
Attn: Deborah S. Birnbach
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
Email:  dbirnbach@goodwinlaw.com

54.    Except as otherwise provided herein, each Party shall bear its own costs.

55.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

56.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

57.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 15, 2024.

**SIGNED:**

STIPULATION AND AGREEMENT OF SETTLEMENT

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice pending*)
Austin P. Van (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com

Joshua E. Fruchter
(admitted *pro hac vice*)
**WOHL & FRUCHTER LLP**
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
jfruchter@wohlfruchter.com

*Co-Lead Counsel for the Proposed Class*

**MILLER SHAH LLP**

Nathan C. Zipperian (FBN 61525)
Jayne A. Goldstein (FBN 144088)
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
jagoldstein@millershah.com

*Liaison Counsel for the Proposed Class*

**GOODWIN PROCTER LLP**
Deborah S. Birnbach (*pro hac vice*)
Justin D. Ward (*pro hac vice*)
Jordan Benson (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com
jbenson@goodwinlaw.com

-and-

**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
Amy L. Drushal
Florida Bar Number 546895
101 Kennedy Blvd., Ste 2700
Tampa, FL 33602
Tel: (813) 223-7474
Fax: (813) 229-6553
adrushal@trenam.com
lbehr@trenam.com

*Counsel for Defendants*

STIPULATION AND AGREEMENT OF SETTLEMENT

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice pending*)
Austin P. Van (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
avan@pomlaw.com

Joshua E. Fruchter
(admitted *pro hac vice*)
**WOHL & FRUCHTER LLP**
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
jfruchter@wohlfruchter.com

*Co-Lead Counsel for the Proposed Class*

**MILLER SHAH LLP**

Nathan C. Zipperian (FBN 61525)
Jayne A. Goldstein (FBN 144088)
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
jagoldstein@millershah.com

*Liaison Counsel for the Proposed Class*

**GOODWIN PROCTER LLP**
Deborah S. Birnbach (*pro hac vice*)
Justin D. Ward (*pro hac vice*)
Jordan Benson (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com
jbenson@goodwinlaw.com

-and-

**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
Amy L. Drushal
Florida Bar Number 546895
101 Kennedy Blvd., Ste 2700
Tampa, FL 33602
Tel: (813) 223-7474
Fax: (813) 229-6553
adrushal@trenam.com
lbehr@trenam.com

*Counsel for Defendants*

- 32 -

STIPULATION AND AGREEMENT OF SETTLEMENT