**Exhibit A-1**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GEORGE MESSIHA and JUAN A. VARGAS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CITRIX SYSTEMS, INC., ROBERT M. CALDERONI, NANCI E. CALDWELL, MURRAY J. DEMO, THOMAS E. HOGAN, MOIRA A. KILCOYNE, ROBERT E. KNOWLING, JR., PETER J. SACRIPANTI, and J. DONALD SHERMAN, <br><br> Defendants. | No. 0:22-cv-62327-RAR |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Florida (the "Court"), if you held (of record or beneficially) common stock ("Citrix securities" or "Citrix common stock") of Citrix Systems, Inc. ("Citrix" or the "Company") at any time from March 8, 2022, up to and through September 30, 2022, both dates inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Class Representatives Lead Plaintiffs Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel ("Plaintiffs"), individually and on behalf of the Class (as defined in ¶ 22 below), have reached a proposed settlement of the Action for $17,500,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Citrix, any other Defendant in the Action, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 74 below).**

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Citrix Systems, Inc. ("Citrix"), Robert M. Calderoni, Nanci E. Caldwell, Murray J. Demo, Thomas E. Hogan, Moira A. Kilcoyne, Robert E. Knowling, Jr., Peter J. Sacripanti, and J. Donald Sherman (the "Individual Defendants" and collectively, with Citrix,

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 15, 2024 (the "Stipulation"), which is available at www.citrixsystemsmergersettlement.com.

"Defendants," and collectively with Plaintiffs, the "Parties") violated the federal securities laws by making false and misleading statements regarding Citrix.  As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Class.  A more detailed description of the Action is set forth in ¶¶ 11–21 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 22 below, and in doing so, will also release all claims pending in the Delaware Court of Chancery in the matter *Legorreta, et al v. Calderoni*., C.A. No. 2024-0153-KSJM (the "Delaware Action").

2.    **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $17,500,000 in cash or immediately available funds (the "Settlement Amount") to be deposited into an Escrow Account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 18-20 below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of Citrix common stock shares held during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.14.  Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when they purchased/acquired or sold shares of Citrix common stock, and the total number of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 18-20 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any members of the Class suffered any damages or harm as a result of Defendants' conduct.

5.    **Attorneys' Fees and Expenses Sought:**   Class Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2022, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Co-Lead Counsel, Pomerantz LLP and Wolf & Fruchter LLP, will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  A percentage of this fee award will be shared with attorneys for plaintiffs in the Delaware Action for their efforts in prosecuting that matter.  In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class.   Plaintiffs will apply for compensatory awards for each of the Lead Plaintiffs in the Action and the named plaintiffs in the Delaware Action, not to exceed $10,000 each, for their efforts in leading these matters.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected share of Citrix common stock, if the Court approves Class Counsel's fee and expense application, is $0.05 per eligible share.

6.    **Identification of Attorneys' Representatives:**   Plaintiffs and the Class are represented by Jeremy A. Lieberman, Esq. and Austin P. Van, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100, and Joshua E. Fruchter of Wohl & Fruchter LLP, 25 Robert Pitt Drive, Suite 209G, Monsey, NY 10952, Tel: 845-290-6818. The Defendants are represented by Amy L. Drushal of Trenam, Kemker, Scharf, Barkin, Frye,

O'Neill & Mullis, P.A., 101 Kennedy Blvd., Ste 2700, Tampa, FL 33602, Tel: 813-223-7474, and Deborah S. Birnbach of Goodwin Proctor LLP, 100 Northern Avenue, Boston, MA 02210, Tel: 617-570-1000.

7.    **Reasons for the Settlement**:  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN _____, 2024 OR ELECTRONICALLY BY 11:59 P.M. EST ON \_\_\_\_\_, 2024** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN \_\_\_\_\_, 2024.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Defendants' Releasees concerning the Released Plaintiff's Claims. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2024 AT _____ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                        Page __

What Is This Case About?                                          Page __

How Do I Know If I Am Affected By The Settlement? Who Is

  Included In The Class?                                      Page __

What Are Plaintiff's Reasons For The Settlement?             Page __

What Might Happen If There Were No Settlement?          Page __

How Are Class Members Affected By The Action

  And The Settlement?                                   Page __

How Do I Participate In The Settlement? What Do I Need To Do?  Page __

How Much Will My Payment Be?                     Page __

What Payment Are The Attorneys For The Class Seeking?

  How Will The Lawyers Be Paid?                       Page __

What If I Do Not Want To Be A Member Of The Class? How

  Do I Exclude Myself?                                 Page __

When And Where Will The Court Decide Whether To Approve The

  Settlement?

Do I Have To Come To The Hearing? May I Speak At The Hearing?

  If I Don't Like The Settlement?                     Page __

What If I Bought Shares On Someone Else's Behalf?       Page __

Can I See The Court File? Whom Should I Contact If I Have

  Questions?                                          Page __

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Citrix common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims

6

Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See ¶ 65 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      On December 12, 2022, Juan A. Vargas commenced this Action in the U.S. District Court for the Southern District of Florida, styled *Juan A. Vargas v. Citrix Systems, Inc.*, Case No. 0:22-cv-62327-RAR. ECF No. 1.

12.      On March 8, 2023, the Court appointed George Messiha and Juan A. Vargas as Co-Lead Plaintiffs; Pomerantz LLP and Wohl & Fruchter LLP as Co-Lead Counsel; and Miller Shah LLP as Liaison Counsel. ECF No. 27.

13.      On May 8, 2023, Plaintiffs filed a Class Action Amended Complaint, ECF No. 34 (the "Amended Complaint"), alleging that the false and misleading proxy violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, by making materially false and misleading statements in their Proxy which misled investors to consummate a merger under which

Citrix became a wholly owned indirect subsidiary of TIBCO Software, Inc. (the "Merger") at an unfair price per share that did not adequately value Citrix, and caused economic harm to shareholders who were misled into approving the sale of their shares to Elliot and Citrix at an unfair and inadequate price.

14.     On July 12, 2023, Defendants moved to dismiss the Amended Complaint (ECF Nos. 42-43, 45-47), which motion the Court granted in part and denied in part on February 3, 2024. ECF No. 50. On February 21, 2024, Defendants filed their answer to the Amended Complaint, denying that Plaintiffs have asserted any valid claims as to any of the Defendants and asserting various affirmative defenses. ECF No. 57.

15.     On February 19, 2024, Plaintiffs Mark Liebenthal and Pablo Legorreta filed an action for breach of fiduciary duty in the Delaware Court of Chancery against Defendant Robert Calderoni, Legorreta, et al v. Calderoni, C.A. No. 2024-0153-KSJM.

16.     On June 6, 2024, the Parties and the plaintiffs in the Delaware Action participated in a private mediation with David M. Murphy of Phillips ADR Enterprises, P.C. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages. The mediation was conducted in person. At the mediation, the Parties negotiated in good faith, but were unable to reach a resolution on that date.  The Parties subsequently filed a Joint Mediation Report, ECF No. 75, updating the Court and noting that discussions were continuing.

17.     Subsequently, the Parties continued to have good faith discussions through the mediator and were able to reach an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for a payment of $17,500,000.00 for the benefit of the Class, subject to the execution of a settlement stipulation and related papers and Court approval.

18.     The Parties' agreement in principle was memorialized in a memorandum of understanding (the "Memorandum of Understanding") dated as of June 25, 2024. The Memorandum of Understanding sets forth, among other things, the Parties' agreement to fully and

8

finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of seventeen million five hundred thousand dollars and zero cents ($17,500,000.00) for the benefit of the Class.  The Memorandum of Understanding was formalized in the Stipulation that was executed on July 15, 2024. The Stipulation reflects the final and binding agreement between the Parties.

19.     Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiffs and Class Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20.     The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing and further denies that the Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Defendants' Releasees (defined in ¶ 32 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

21.     On_____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?** |
|---|

22.     If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

> all persons and entities other than defendants who held (of record or beneficially) common stock of Citrix Systems, Inc. at any time from March 8, 2022, up to and through September 30, 2022, both dates inclusive.

Excluded from the Class are Defendants; members of their Immediate Families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an Officer (as defined in the Stipulation) or Director of Citrix during the Settlement Class Period; and the successors, heirs, and assigns of any excluded.  Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion and persons and entities with no compensable losses.  *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 21 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2024. ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON _____, 2024 AT WWW.CITRIXSYSTEMSMERGERSETTLEMENT.COM.**

| **WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
|---|

23.     Plaintiffs and Class Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very

substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiffs'
claims, Class Counsel recognized that Defendants had numerous defenses that could preclude a
recovery.  For example, Defendants would assert that the statements at issue were not materially
false and misleading, and that even if they were, the statements were not made with the requisite
culpability to support the securities claims alleged and did not cause any cognizable loss to class
members.  Even if the hurdles to establishing liability were overcome, the amount of damages that
could be attributed to each of the allegedly false statements would be hotly contested.  Plaintiffs
would have to prevail at several stages - motions for summary judgment, trial, and if they prevailed
on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant
to the continued prosecution of the Action.

24.     In light of these risks, the amount of the Settlement and the immediacy of recovery
to the Class, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable
and adequate, and in the best interests of the Class.  Plaintiffs and Class Counsel believe that the
Settlement provides a substantial benefit to the Class, namely $17,500,000 (less the various
deductions described in this Notice), as compared to the risk that the claims in the Action would
produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly
years in the future.

25.     The Defendants deny the claims asserted against them in the Action and deny
having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Defendants
further deny that their conduct caused the Class any harm or damages.  The Defendants have
agreed to the Settlement solely to eliminate the burden and expense of continued litigation.
Accordingly, the Settlement may not be construed as an admission of any wrongdoing by
Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.     If there were no Settlement and Plaintiffs failed to prove any essential legal or
factual element of its claims against Defendants, neither Plaintiffs nor the other members of the
Class would recover anything from Defendants.  Also, if the Defendants were successful in

proving any of their defenses, either at summary judgment, at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

27.     As a Class Member, you are represented by Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

28.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section titled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

29.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiffs, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

30.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, each member of the Settlement Class, Lead Counsel, Liaison Counsel, and Plaintiffs' Releasees (as defined in ¶ 36 below) shall release Released Plaintiffs' Claim (as defined in ¶ 31 below) against the Defendants' Releasees (as defined in ¶ 32 below), and shall forever be barred and enjoined

from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

31.     "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class, direct, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs, any other member of the Settlement Class, or any other Plaintiffs' Releasee asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in, the Action or the  complaints in the Action, and that in any way arise out of, are based upon, relate to, or concern the acquisition of Citrix pursuant to the Agreement and Plan of Merger and/or the shareholder vote on that acquisition. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement and (ii) any claims of any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

32.     "Defendants' Releasees" means each named Defendant and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or

13

bankers, personal or legal representatives,  divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

33.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, any other Class Member,  or any other Plaintiffs' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and each of the Defendants' Releasees and each of the Plaintiffs' Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, each of the Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and

all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Class Members and each of the Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants shall release each and every Released Defendants' Claim (as defined in ¶ 35 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

35. "Released Defendants' Claims" means all claims or causes of action of every nature and description, whether known or unknown, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, including without limitation any claims under Fed. R. Civ. P. 11, except for claims relating to the enforcement of the Settlement.

36. "Plaintiffs' Releasees" means Plaintiffs, each and every Settlement Class member, Lead Counsel, Liaison Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family, representatives, and heirs of any Plaintiffs' Releasee who is an individual, as well as any trust of which any Plaintiffs' Releasee is the settlor or which is for the benefit of any of their Immediate Family. Plaintiffs' Releasees does not include any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

37.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 74 below, **postmarked no later than _____**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at www.citrixsystemsmergersettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 855-680-2526. Electronic Claim Forms must be submitted by 11:59 p.m. EST on _____, 2024.  Please retain all records of your ownership of and transactions in Citrix securities, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

38.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

39.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid seventeen million five hundred thousand dollars ($17,500,000) in cash or immediately available funds.  The Settlement Amount will be deposited into an Escrow Account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."   If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned or payments by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan

16

of allocation as the Court may approve ("Authorized Claimants").

40.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

41.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

42.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on _____, 2024 or postmarked on or before _____, 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member and its respective Plaintiffs' Releasees (as defined in ¶ 36 above) release the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

44.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

45.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.    Only Class Members, *i.e.*, persons and entities who held (of record or beneficially) common stock of Citrix during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities which are excluded from the Class by definition or

17

which exclude themselves from the Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Shares of Citrix common stock are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

47.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Class Counsel to the Court for approval.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions that were at issue in this Action.  The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website www.citrixsystemsmergersettlement.com.  Defendants had no role in the preparation of the Plan of Allocation.

48.     The Plan of Allocation reflects Plaintiffs' allegations that the alleged false and misleading statements in the Merger Proxy misled investors to consummate the Merger at an unfair price per share that did not adequately value Citrix, and caused economic harm to shareholders who were misled into approving the sale of their shares to Elliot and Citrix at an unfair and inadequate price.  Accordingly, because all shares of Citrix common stock that were held through the closing of the Merger suffered the same per-share economic loss as a result of the alleged misstatements in the Proxy, it is fair and equitable to distribute the Settlement based on the number of shares each Authorized Claimant held through the closing of the Merger.

49.     Shares of Citrix common stock that were held through the closing of the Merger on September 30, 2022 and converted into the right to receive $104.00 in cash (*i.e.*, the merger consideration), that are listed in the Claim Form and for which adequate documentation is provided are the only shares eligible to receive a distribution from the Settlement Fund ("Recognized Merger Shares").

50.     Shares of Citrix common stock that were sold or otherwise disposed of prior to the closing of the Merger are not securities that are eligible to participate in the Settlement.

51.     An Authorized Claimant's total number of Recognized Merger Shares will be their Recognized Claim.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims for all Authorized Claimants.

<u>**ADDITIONAL PROVISIONS APPLICABLE TO ALL CLAIMANTS**</u>

52.     Payment according to the Plan of Allocation will be deemed conclusive against all claimants.  A claimant's Recognized Claim will be calculated as set forth herein and cannot be less than zero.

53.     No distribution will be made to Authorized Claimants who would otherwise receive a Distribution Amount of less than $10.00.

54.     The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the total number and amount of valid claims participating in the Settlement.  The number of claimants who submit claims varies widely from case to case.

55.     The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  Distributions will be made to Authorized Claimants after all timely claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Dade Legal Aid Foundation Inc., or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Plaintiffs and approved by the Court.

56.     Class Members who do not submit acceptable Claim Forms will not share in the

Settlement proceeds.  The Stipulation and the Judgment dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

57.     Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

58.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Class Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

59.     Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  A percentage of this fee award will be shared with attorneys for plaintiffs in the Delaware Action for their efforts in prosecuting that matter.  At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class.  Plaintiffs will apply for compensatory awards for each of the Lead Plaintiffs in the Action and the named plaintiffs in the Delaware Action, not to exceed $10,000 each, for their efforts in leading these matters.  The Court will determine the amount of any award of attorneys' fees or

reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF?

60.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to JND Legal Administration at the address set forth in ¶ 74 below. The exclusion request must be *received* no later than _____.  You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Juan A. Vargas v. Citrix Systems, Inc.*, Case No. 0:22-cv-62327-RAR"; (c) identify and state the number of Citrix securities that the person or entity requesting exclusion held (of record or beneficially), purchased/acquired, and/or sold during the period from March 8, 2022 through and including September 30, 2022, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

61.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

62.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

64.     **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

65.     The Settlement Hearing will be held on _____ at __:__ _.m., before the Honorable Rodolfo A. Ruiz II at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Miami, FL 33128, Courtroom 11-2.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

66.     Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Florida at the address set forth below on or before _____.  You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers **are** *received* **on or before** _____.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Southern District of Florida Clerk of the Court 400 North Miami Avenue, Room 8N09 | **Pomerantz LLP** Jeremy A. Lieberman, Esq. 600 Third Avenue, 20th Floor New York, NY 10016-1917 | **Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.** Amy L. Drushal 101 Kennedy Blvd., Ste 2700 Tampa, FL 33602 |

Miami, FL 33128 | **Wohl & Fruchter LLP**
Joshua E. Fruchter | **Goodwin Procter LLP**
25 Robert Pitt Drive, Suite | Deborah S. Birnbach
209G | 100 Northern Avenue
Monsey, NY 10952 | Boston, MA 02210

67.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Citrix securities that the objecting Class Member held (of record or beneficially), purchased/acquired, and/or sold during the period from March 8, 2022 through and including September 30, 2022, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

68.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before** _____.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the

hearing. Such persons may be heard orally at the discretion of the Court.

70. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 66 above so that the notice is *received* **on or before** _____.

71. The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

72. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73. If you held Citrix securities between March 8, 2022 and September 30, 2022, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request a link to the location of the electronic Notice Packet from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to info@citrixsystemsmergersettlement.com.  If you choose the third

option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per link to the Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.citrixsystemsmergersettlement.com.

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Florida, 400 N. Miami Ave, Miami, FL 33128.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.citrixsystemsmergersettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Juan A. Vargas v. Citrix Systems, Inc.
c/o JND Legal Administration
PO Box 91498
Seattle, WA 98111
855-680-2526
www.citrixsystemsmergersettlement.com

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP

25

600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ , 20__                    By Order of the Court
                                             United States District Court
                                             SDFL

26