**Exhibit B**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GEORGE MESSIHA and JUAN A. VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITRIX SYSTEMS, INC., ROBERT M. CALDERONI, NANCI E. CALDWELL, MURRAY J. DEMO, THOMAS E. HOGAN, MOIRA A. KILCOYNE, ROBERT E. KNOWLING, JR., PETER J. SACRIPANTI, and J. DONALD SHERMAN,<br><br>Defendants. | No. 0:22-cv-62327-RAR |

## [PROPOSED] FINAL JUDGMENT
## APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *Juan A. Vargas v. Citrix Systems, Inc.*, Case No. 0:22-cv-62327-RAR (the "Action");

WHEREAS, (a) Lead Plaintiffs Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel ("Plaintiffs"), individually and on behalf of the Class (defined below); and (b) Defendants Citrix Systems, Inc. ("Citrix"), Robert M. Calderoni, Nanci E. Caldwell, Murray J. Demo, Thomas E. Hogan, Moira A. Kilcoyne, Robert E. Knowling, Jr., Peter J. Sacripanti, and J. Donald Sherman (the "Individual Defendants" and collectively, with Citrix, "Defendants," and collectively with Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated July 15, 2024 (the "Stipulation"), that provides for a complete

1

dismissal with prejudice of the claims asserted against all Defendants and the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ 20___ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2024.

3. **Certification of the Settlement Class** - The Court hereby reaffirms its determination in the Preliminary Approval Order that the Settlement Class shall be composed of all persons and entities other than Defendants who held (of record or beneficially) common stock

of Citrix Systems, Inc. at any time from March 8, 2022, up to and through September 30, 2022, both dates inclusive. Excluded from the Settlement Class are Defendants; members of their Immediate Families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an Officer or Director of Citrix during the Settlement Class Period; and the successors, heirs, and assigns of any excluded person.

4. **Notice** - The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Class Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

6. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in

the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Defendants' Releasees, Plaintiffs, Plaintiffs' Releasees, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. All Class Members who have failed to properly submit requests for exclusion from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment. The Requests for Exclusion submitted by the persons or entities in **Exhibit 1** to this Final Order and Judgment are accepted by the Court.

9. **Releases** - The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs, each Class Member, Lead Counsel, Liaison Counsel, and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Defendants and Defendants' Releasees, shall be permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiffs' Claims against any of Defendants' Releasees, and shall be deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiffs' Claims against any of Defendants and Defendants' Releasees. This Release shall not apply to any

excluded claims.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of Released Defendants' Claims against any of Plaintiffs' Releasees.  This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) - (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** - The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Class Counsel, as described in the Notice and in accordance with paragraph 1(ii) of the Stipulation, is hereby approved as fair, reasonable and adequate.

13. **No Admissions** - Neither this Judgment, the Memorandum of Understanding, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and the Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiff's Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement; except that:

(d) Defendants and/or the Defendants' Releasees may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction,

or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

14. **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlement** - Without further approval from the Court, the Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Class Counsel's Attorney Fees and Expenses** - The Court hereby awards Class Counsel attorneys' fees in the amount of _____% of the Settlement Fund and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class. Said fees shall be allocated among any other plaintiffs' counsel in a manner which, in Class Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

17. **Plaintiffs' Expenses Related to Representation of the Class** - The Court hereby awards George Messiha and Juan A. Vargas [and Brandon Nuckel] their reasonable costs and

7

expenses (including lost wages) directly related to their representation of the Class in the amount of $_____.

18. The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Class Counsel (or to the class representative described in the previous paragraph) from the Settlement Fund no later than ten (10) calendar days after the date this Judgment is entered, subject to the terms, conditions, and obligations of the Stipulation. Any further orders or proceedings solely regarding the Plan of Allocation, awards of attorneys' fees and expenses, and/or any costs or expenses awarded pursuant to the previous paragraph (including any appeal from any order relating thereto or reversal or modification thereof) shall be considered separate and apart from this Judgment and shall in no way disturb, affect, or delay the finality of this Judgment and shall not disturb, affect or delay the Effective Date of the Settlement.

19. **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 25, 2024 (the date of the Memorandum of Understanding), as provided in the Stipulation. In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action. In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions as set forth in the Stipulation, within ten (10) calendar days and in accordance with the terms outlined in the Stipulation, (i) all monies then held in the Escrow Account, including interest, shall be returned to the persons who contributed to the Settlement Fund, and (ii) Class Counsel shall return any fees or award previously distributed in connection with the Settlement.

20. **Confidentiality** - All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

21. **Entry of Final Judgment** - There is no just reason to delay the entry of this

Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 20__

                                                                                                  _____
                                                                                                   The Honorable Rodolfo A. Ruiz II
                                                                                                   United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**