UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62327-RAR

**JUAN A. VARGAS,** *individually and on behalf of all others similarly situated,*

  Plaintiffs,

v.

**CITRIX SYSTEMS, INC.,** *et al.*,

  Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** comes before the Court upon Lead Plaintiffs, Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel's ("Plaintiffs" or "Settlement Class Representatives"), Unopposed Motion for Settlement Approval, filed on September 30, 2024, ("Final Approval Motion"), [ECF No. 85], and Plaintiffs' Unopposed Motion for Attorneys' Fees, filed on September 30, 2024 ("Fee Motion"), [ECF No. 86].

On July 15, 2024, (a) Lead Plaintiffs Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel, individually and on behalf of the Class (defined below); and (b) Defendants Citrix Systems, Inc. ("Citrix"), Robert M. Calderoni, Nanci E. Caldwell, Murray J. Demo, Thomas E. Hogan, Moira A. Kilcoyne, Robert E. Knowling, Jr., Peter J. Sacripanti, and J. Donald Sherman ("Individual Defendants" and collectively, with Citrix, "Defendants," and collectively with Plaintiffs, the "Parties"), entered into a Stipulation and Agreement of Settlement ("Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against all Defendants and the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement").  *See* Stipulation, [ECF No. 80-1].

On July 22, 2024, this Court entered an order granting preliminary approval of the Settlement between the Parties ("Preliminary Approval Order").[1] The Order (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement. *See generally* Preliminary Approval Order, [ECF No. 81].

Notice was given to potential Settlement Class Members by mailing and emailing Notice Packets as well as through publication and a Settlement Website, pursuant to the notice requirements set forth in the Settlement and the Preliminary Approval Order. These communications apprised Settlement Class Members of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing. *See* Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date ("Segura Declaration"), [ECF No 87-1]. The Court is accordingly satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of Attorneys' Fees and Expenses.

On November 4, 2024, the Court held a Final Approval Hearing, [ECF No. 98], to rule on the Motions. At the hearing, the Court considered, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants.

Prior to the Final Approval Hearing, Class Counsel filed affidavits that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. *See* [ECF Nos. 87, 97]. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of Attorneys' Fees and Expenses.

Having carefully reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, the record in this Action, and good cause appearing therefore, it is hereby

**ORDERED AND ADJUDGED** that the Motions are **GRANTED** as set forth herein.

## JURISDICTION

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

## INCORPORATION OF SETTLEMENT DOCUMENTS

2. This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 15, 2024, [ECF No. 80-1]; and (b) the Notice and the Summary Notice, [ECF No. 79], both of which were filed with the Court on July 15, 2024.

## CLASS CERTIFICATION

3. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (cleaned up). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would

otherwise be devoted to protracted litigation." *Id.* In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *See id*. at 671–72.; *see also Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015) (explaining a court evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil Procedure 23(a) and (b)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

    4.  Rule 23(a) requires: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* FED. R. CIV. P. 23(a)(1)–(4). Rule 23(b)(3) requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The Eleventh Circuit also requires that the class representatives have standing to sue and that the proposed class is adequately defined and clearly ascertainable. *See Prado-Steiman ex rel Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *see also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

    5.  If certification of a settlement class is appropriate, a court then determines if the proposal is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). To do so, the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) he relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including

> timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

*Id.*

6. Further, the Eleventh Circuit "instruct[s] district courts to consider several additional factors called the *Bennett* factors." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). These additional factors are:

> there was no fraud or collusion in arriving at the settlement and . . . the settlement was fair, adequate and reasonable, considering (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986 ("*Bennett* factors"). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (cleaned up).

7. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons and entities other than Defendants who held (of record or beneficially) common stock of Citrix Systems, Inc. at any time from March 8, 2022, up to and through September 30, 2022, both dates inclusive. Excluded from the Settlement Class are Defendants; members of their Immediate Families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an Officer or Director of Citrix during the Settlement Class Period; and the successors, heirs, and assigns of any excluded person.

8. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Rule 23(a), 23(b)(3), and 23(e), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy. *See* Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement and Notice Program, [ECF No. 81], at 6–16 (analyzing class action settlement factors under Rule 23(a), 23(b)(3), and 23(e), as well as the *Bennett* Factors).

## NOTICE TO THE SETTLEMENT CLASS

9. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Class Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

10. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

## **FINAL SETTLEMENT APPROVAL AND DISMISSAL OF CLAIMS**

11. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

12. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby **DISMISSED *with prejudice***. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

## **BINDING EFFECT**

13. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Defendants' Releasees, Plaintiffs, Plaintiffs' Releasees, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. All Class Members who have failed to properly submit requests for exclusion from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

## **RELEASES**

14. The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. [ECF No. 80-1]. The Releases are effective as of the Effective Date. Accordingly, this Court **ORDERS** as follows:

(a) Without further action by anyone, and subject to Paragraph 15 below, upon the Effective Date of the Settlement, Plaintiffs, each Class Member, Lead Counsel, Liaison Counsel, and Plaintiffs' Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Defendants and Defendants' Releasees, shall be permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiffs' Claims against any of Defendants' Releasees, and shall be deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all of the Released Plaintiffs' Claims against any of Defendants and Defendants' Releasees. This Release shall not apply to any excluded claims.

(b) Without further action by anyone, and subject to Paragraph 15 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of Released Defendants' Claims against

any of Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

15. Notwithstanding Paragraphs 14(a) and 14(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

## RULE 11 FINDINGS

16. The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

## PLAN OF ALLOCATION APPROVAL

17. The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Class Counsel, as described in the Notice and in accordance with paragraph 1(ii) of the Stipulation, is hereby approved as fair, reasonable, and adequate.

## NO ADMISSIONS

18. Neither this Judgment, the Memorandum of Understanding, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and the Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by

any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiff's Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement; except that:

(d) Defendants and/or the Defendants' Releasees may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute

of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

## RETENTION OF JURISDICTION

19. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

## MODIFICATION OF THE AGREEMENT OF SETTLEMENT

20. Without further approval from the Court, the Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

## CLASS COUNSEL'S ATTORNEY FEES AND EXPENSES

21. The Court finds that the fee request is reasonable and appropriate under the *Camden I* factors used by courts in this Circuit in determining court-awarded attorneys' fees in common fund class actions settlements, namely: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991).

22. The Court hereby awards Class Counsel attorneys' fees in the amount of 33.33% of the Settlement Fund ($5,827,500) and expenses in an amount of $105,510.35, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation, and the result obtained for the Class. Said fees shall be allocated among any other plaintiffs' counsel in a manner which, in Class Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

**PLAINTIFFS' EXPENSES RELATED TO
REPRESENTATION OF THE CLASS**

23. The Court hereby awards Plaintiffs in this Action and the Delaware Plaintiffs in the Delaware Action their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $4,000 each ($20,000 in total). *See* 15 U.S.C. § 78u-4(a)(4); *see Fikes Wholesale v. HSBC Bank USA, NA*, 62 F.4th 704, 721 n.9 (2d Cir. 2023) ("Service awards are expressly allowed by statute for class representatives in private securities litigation.").

24. The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Class Counsel (or to the class representative described in the previous paragraph) from the Settlement Fund no later than ten (10) calendar days after the date this Judgment is entered, subject to the terms, conditions, and obligations of the Stipulation.  Any further orders or proceedings solely regarding the Plan of Allocation, awards of attorneys' fees and expenses, and/or any costs or expenses awarded pursuant to the previous paragraph (including any appeal from any order relating thereto or reversal or modification thereof) shall be considered separate and apart from this Judgment and shall in no way disturb, affect, or delay the finality of this Judgment and shall not disturb, affect or delay the Effective Date of the Settlement.

25. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## **TERMINATION OF SETTLEMENT**

26. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 25, 2024 (the date of the Memorandum of Understanding), as provided in the Stipulation.  In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.  In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions as set forth in the Stipulation, within ten (10) calendar days and in accordance with the terms outlined in the Stipulation, (i) all monies then held in the Escrow Account, including interest, shall be returned to the persons who

contributed to the Settlement Fund, and (ii) Class Counsel shall return any fees or award previously distributed in connection with the Settlement.

## CONFIDENTIALITY

27.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

## ENTRY OF FINAL JUDGMENT

28.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions are **GRANTED**.  This case is **DISMISSED** *with prejudice*, and no costs shall be awarded other than those specified in this Order or provided by the Settlement Agreement.  The Clerk is instructed to **CLOSE** this case.  All deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of November, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**