UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62327-RAR
Judge: Honorable Rodolfo A. Ruiz II

GEORGE MESSIHA and JUAN A. VARGAS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

CITRIX SYSTEMS, INC., ROBERT M. CALDERONI, NANCI E. CALDWELL, MURRAY J. DEMO, THOMAS E. HOGAN, MOIRA A. KILCOYNE, ROBERT E. KNOWLING, JR., PETER J. SACRIPANTI, and J. DONALD SHERMAN,

        Defendants.

**PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

Pursuant to Federal Rule of Civil Procedure 23(e), Court-appointed Lead Plaintiffs Juan A. Vargas and George Messiha, and additional Plaintiff Brandon Nuckel ("Plaintiffs"), by and through their undersigned attorneys, hereby move this Court for entry of an order: (a) approving the administrative determinations of the court-appointed Claims Administrator concerning the acceptance and rejection of the Claims submitted in the Settlement[1]; (b) approving the proposed Distribution Plan and directing payment of the Net Settlement Fund to Authorized Claimants with a 90-day period for cashing checks; and (c) approving a payment from the

---

[1] Unless otherwise defined, all capitalized terms have the same meanings as set forth in the Stipulation and Agreement of Settlement dated July 15, 2024 (the "Stipulation") (ECF No. 80-1).

- 2 -

Settlement Fund to the Claims Administrator for the balance of its fees and expenses, along with incurred monthly fees and expenses during the interim period between submission of this motion and entry of a Class Distribution order.

Plaintiffs respectfully request that the Court decide this motion on the papers, and approve and enter the proposed order submitted herewith.

## I. INTRODUCTION

On July 22, 2024 the Court entered the Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 81) (the "Preliminary Approval Order"). On November 4, 2024, the Court entered the Order Granting Final Approval of Class Action Settlement (ECF No. 99) ("Final Approval Order"). Lead Counsel has been advised by the court-appointed Class Action Claims Administrator, JND Legal Administration ("JND" or the "Claims Administrator"), that it has completed processing proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Luiggy Segura in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Fund (the "Segura Declaration") at ¶4. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at ¶ 24. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, and as set forth in the Notice, each Class Member that wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit a properly executed Claim Form postmarked or received by December 17, 2024. *See* Segura Declaration at ¶ 8.

The Claims Administrator continued processing claims received up to April 15, 2025.  As a result of a very effective notice program, as of April 15, 2025, the Claims Administrator has received 53,858 Proofs of Claim.  Segura Declaration at ¶ 8. The Claims Administrator received and reviewed all 53,858 Proofs of Claim and has now finalized its determination of which claims are authorized and which are ineligible.  *Id*. ¶ at 4.

### A. Valid and Properly-Documented Claims

All notices informed the Settlement Class that December 17, 2024 was the due date for filing Claims.  As a result of the notice program (including mailings, press releases, and Settlement website portal) the Claims Administrator received 53,858 Claims in connection with the Settlement.  *See* Segura Declaration at ¶ 8.  Of the 53,858 Proofs of Claims received through April 15, 2025, a total of 50,456 Claims were received or postmarked on or before the submission deadline of December 17, 2024, and the Claims Administrator determined that 39,172 of these Claims were eligible and are recommended for approval (the "Timely Eligible Claims").  *Id.* at ¶ 38, Exhibit C.  The Timely Eligible Claims represent $86,464,859.96 of recognized losses pursuant to the Plan of Allocation.  *Id*.  A total of 3,402 Claims were received or postmarked after the submission deadline of December 17, 2024, but received on or before April 15, 2025, and the Claims Administrator determined that 2,291 of these Claims were otherwise eligible and recommended for approval (the "Late But Otherwise Eligible Claims").  *Id*. at ¶ 39, Exhibit D.  The total Recognized Claim amount for the Late But Otherwise Eligible Claims is $1,290,672.24.  *Id.*  The Claims Administrator has not rejected any Claim received through April 15, 2025 solely based on its late submission.  The Court should accept all late but otherwise valid claims postmarked after December 17, 2024, but received before April 15, 2025, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *See id.*; *see also In re "Agent Orange"*

*Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."). Plaintiffs respectfully request that the Court approve the 41,463 properly documented claims as listed in Exhibits C and D of the Segura Declaration.

### B. Deficient and Ineligible Claims

The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Segura Declaration at ¶ 4. JND identified approximately 182 deficient or ineligible paper and online claims, and 12,558 deficient or ineligible electronic claims ("E-Claims"). *Id.* at ¶¶ 20, 23. When paper or online claims were inadequately documented, JND sent claimants Deficiency Notices advising them of the nature of their inadequacy and providing them an opportunity to cure. Segura Declaration at ¶ 21; Exhibit A. When electronic claims were deficient or ineligible, JND sent claimants Deficiency Emails identifying the individual transactions and claims that were found to be deficient or ineligible. *Id.* at ¶ 23-25; Exhibit B.

After reviewing all 53,858 Claims received for this action, the Claims Administrator rejected 12,395 Claims for the following reasons:

| **No. of Claims** | **Reason for Rejection** |
|---|---|
| 11,421 | Claims Did Not Result in a Recognized Claim |
| 32 | Claims Were Duplicate |
| 919 | Claims Had Uncured Deficiencies |
| 23 | Claims Were Withdrawn |

*See* Segura Declaration at ¶40, Exhibit E.

As part of the administration process, the Claims Administrator attempted to contact each Claimant with deficient or ineligible Claims to provide them with opportunities to cure the deficiencies identified in their Claims. *See id.* at ¶¶ 27-30. Claimants with deficient claims were advised that they had the right to contest the Claims Administrator's determination of deficiencies or ineligibility and that they could request that their dispute be submitted to the Court for review. *See id*. at ¶ 30. To date, none of the Claimants with deficient or ineligible Claims have requested that their dispute be submitted to the Court for review. *Id.*

### III.  FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Lead Counsel have also reviewed the Claims Administrator's invoices and found them to be reasonable as they were within the expected range for a claims administrator's work administering a settlement. *See* Segura Declaration at ¶42, Exhibit F. The Claims Administrator's total fees and expenses for this matter through March 31, 2025, are $588,282.63 which includes brokerage firm and nominee expenses of $34,253.51 for their work related to this matter, charged to JND. The Claims Administrator anticipates incurring monthly fees and expenses of up to approximately $5,000 until a Class Distribution Order is entered, and anticipates the work performed in conjunction with the initial distribution to be $35,974.00. *Id.* at ¶ 42. To date, JND has been reimbursed a total of $588,282.64. *Id.* Accordingly, there is an outstanding balance of $39,966.84, plus the anticipated monthly charges until the initial distribution is authorized. *Id.* If this estimate of fees and expenses to conduct the initial distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund. *Id.* Accordingly, Lead Counsel requests that the Court approve payment of such to the Claims Administrator.

### IV. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator carefully reviewed, analyzed, and processed the Claims. Authorized Claims required documentation and a recognized loss as calculated under the Plan of Allocation. The Segura Declaration discusses the Claims Administrator's review of the Claims and provides additional detail for the Court's consideration. Lead Counsel agree that the Authorized Claims should be paid from the Net Settlement as soon as possible.

As more fully described in the Segura Declaration at paragraph 44, the Claims Administrator will conduct an Initial Distribution to Authorized Claimants. Pursuant to the Plan of Allocation authorized by the Court's Final Judgment, "[n]o distribution will be made to Authorized Claimants who would otherwise receive a Distribution Amount of less than $10.00." ECF No. 80-3 at ¶53. Lead Counsel joins the Claims Administrator in its recommendation that all Initial Distribution checks for Authorized Claim bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF DISTRIBUTION" in order to encourage prompt cashing of checks. *See* Segura Declaration at ¶ 44(d). Implementing this process will save administrative costs and is necessary in order for Lead Counsel to calculate the amount of cash available for a possible redistribution within a reasonable time after the initial distribution. Consistent with the Court-approved Plan of Allocation, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Segura Declaration, footnote 2, if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, the Claims Administrator shall, if feasible and economical, conduct a Second Distribution, pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting the Claims Administrator's fees and expenses, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns,

and any escrow fees, will be distributed in an equitable and economic fashion to Authorized Claimants in the Initial Distribution who cashed their distribution checks. Segura Declaration at ¶44(f). The Claims Administer shall, if cost-effective, conduct additional distributions until it is determined that further re-distribution is not cost-effective. Segura Declaration at ¶44(g). If further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be donated to the Dade Legal Aid Foundation Inc. without further order of the Court. *Id.*

In order to facilitate the efficient distribution of the Net Settlement Fund, it is respectfully requested that the Court bar any further Proofs of Claim against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, it is respectfully requested that the class distribution order provide that no claim received on or after April 15, 2025 may be accepted for any reason whatsoever, and that no further adjustments to Claims received on or before April 15, 2025 may be made after April 15, 2025, except for good cause shown. *See* Segura Declaration at ¶ 44(h).

Additionally, to prevent further charges to the Settlement Class, Lead Counsel requests that the Court order that: one year after the Second Distribution or any subsequent final distribution, if either occur, or, if there is no Second Distribution, two years after the Initial Distribution, the Claims Administrator may destroy the paper copies of the Claim Forms and all supporting documentation, and one year after all funds have been distributed, may destroy electronic copies of the same.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order for Distribution of the Net Settlement Fund submitted herewith.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Lead Counsel has conferred with Defendants' Counsel regarding the requested relief and Defendants do not oppose Plaintiffs' motion.

Dated:  April 16, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

**WOHL & FRUCHTER LLP**

Joshua E. Fruchter
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
jfruchter@wohlfruchter.com

*Co-Lead Counsel for the Proposed Class*

**MILLER SHAH LLP**

Nathan C. Zipperian
Jayne A. Goldstein
2103 N. Commerce Pkwy.
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
jagoldstein@millershah.com

*Liaison Counsel for the Proposed Class*

- 10 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 16, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Austin P. Van*
                                               Austin P. Van