**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-62327-RAR**

**JUAN A. VARGAS,** *individually and on*
*behalf of all others similarly situated,*

      Plaintiffs,

v.

**CITRIX SYSTEMS, INC.,** *et al.*,

      Defendants.

_____/

**ORDER GRANTING UNOPPOSED MOTION FOR**
**DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

      **THIS CAUSE** comes before the Court on Plaintiffs' Unopposed Motion for Distribution of Class Settlement Funds.  [ECF No. 101].  On November 4, 2024, the Court entered an Order Granting Final Approval of Class Action Settlement ("Final Approval Order"), [ECF No. 99].  The Final Approval Order, *inter alia*, approved the Settlement, the terms of which were set forth in the Stipulation and Agreement of Settlement on July 15, 2024 ("Stipulation"), [ECF No. 80-1], and the Plan of Allocation of settlement proceeds.[1]  The Final Approval Order maintained the Court retained jurisdiction over the action for purposes of: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund; (b) the disposition of the Net Settlement Fund; and (c) construing, enforcing, and administering the Stipulation.  [ECF No. 99] at 11.

      The deadline for Class members to submit a Claim Form to participate in the distribution of the Net Settlement Fund was December 17, 2024.  As set forth in the Declaration of Luiggy Segura of JND Legal Administration ("JND" or the "Claims Administrator") in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Fund ("Segura Declaration"), *see*

---

[1]  All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation.

[ECF Nos. 101-2, 101-3, 101-4, 101-5, 101-6, 101-7], the Claims Administrator has completed the process of reviewing all 53,858 submitted Claims in the above action.  All Claimants who submitted deficient Claims were, upon review in accordance with the procedure approved by the Court, notified of such deficiency, and given an opportunity to contest and/or cure the deficiency. None of the deficient Claims have disputed their rejected claims or asked for the Court's review of the deficient claims.

In accordance with the recommendations of the Claims Administrator, Lead Counsel seek authorization to distribute the Net Settlement Fund to all Authorized Claimants entitled to receive such funds.  The Court, having reviewed Lead Counsel's Unopposed Motion, the Segura Declaration, and all other exhibits and papers submitted in support thereof, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Unopposed Motion for Distribution of Class Settlement Funds, [ECF No. 101], is **GRANTED** as follows:

1.       As set forth in the Segura Declaration, the administrative determinations of the Claims Administrator, JND, in accepting and rejecting Claims are approved.  Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C and D to the Segura Declaration, which include certain claims submitted after the December 17, 2024 deadline, are approved, and said claims are hereby accepted for payment from the Net Settlement Fund.  Likewise, the administrative determinations of the Claims Administrator rejecting those claims set forth in Exhibits E to the Segura Declaration are approved, and said Claims are hereby rejected, disallowed, and shall not be paid.

2.       The funds that are currently in the Net Settlement Fund (after deducting any payments requested in the cost estimate to complete the Initial Distribution and the costs of preparing appropriate tax returns) shall be distributed on a *pro rata* basis to the Authorized

Claimants identified in Exhibits C and D to the Segura Declaration, at the direction of Lead Counsel pursuant to the Stipulation and the Plan of Allocation.

3.      Specifically, as set forth in paragraph 44(a)-(g) of the Segura Declaration:  (a) JND will calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation; (b) JND will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, which Claimants shall not receive any payment from the Net Settlement Fund; (c) after eliminating Claimants who would receive less than $10.00, JND will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more; and (d) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted, or according to the conditions set forth in footnote 2 of the Segura Declaration, will irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants if Class Counsel, in consultation with JND, determine it is cost-effective to conduct a second distribution.  Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted or according to the conditions set forth in footnote 2 will irrevocably forfeit any further recovery from the Net Settlement Fund; and if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, then, if feasible and economical, the remainder will be distributed as described in paragraph 7 below.

4.      No new Claims may be accepted after March 31, 2025, and no further adjustments to Claims received on or before March 31, 2025, may be made after March 31, 2025, except for good cause shown.

5.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation

and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to, Lead Counsel and the Claims Administrator, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF DISTRIBUTION."  Lead Counsel and JND are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7.      Consistent with the Court-approved Plan of Allocation, after JND has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in footnote 2 of the Segura Declaration, if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, then, if feasible and economical, JND will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed in an equitable and economic fashion to Authorized Claimants in the Initial Distribution who cashed their distribution checks.  If there are any remaining funds after completion of the Second Distribution, if cost effective, JND will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds

remaining in the Net Settlement Fund, after deducting JND's unpaid fees and expenses incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their most recent distribution checks in an equitable and economic fashion. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter at reasonable intervals until Class Counsel, in consultation with JND, determines that further redistribution is not cost-effective. At the point where further redistributions are not cost-effective, any remaining amount in the Net Settlement Fund will be donated to the Dade Legal Aid Foundation Inc.

8.      One year after the Second Distribution or any subsequent final distribution, if either occur, or, if there is no Second Distribution, two years after the Initial Distribution, JND may destroy the paper copies of the Claim Forms and all supporting documentation, and one year after all funds have been distributed, JND may destroy electronic copies of the same.

9.      JND's fees and expenses, as reflected in the invoices attached as Exhibit F to the Segura Declaration, along with incurred monthly fees and expenses during the interim period between submission of this declaration and entry of a Distribution order, as outlined in paragraph 42 of the Segura Declaration, are approved for payment from the Settlement Fund.

10.     The Court retains jurisdiction over any further application or matter which may arise in connection with this action.

**DONE AND ORDERED** in Miami, Florida, this 18th day of April, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**